Speab, G. J.
I concur in the judgment rendered for the reason that the main objections to the statute, and the only ones presenting difficulty, are answered by previous decisions of this court, and *732 especially by the case of the State ex rel. v. Smith, 48 Ohio St., 211.
Bradbury, J.
I do not concur in the decision reached by the court in so far as it may be regarded as sanctioning the doctrine that the general assembly may require that a mayor of a city of the first grade of the first class, in appointing a board of city affairs, at the first appointment of such members, shall designate “two each of different political parties ” to serve “one year,” “two each of different political parties for two years, and two each of different political parties for three years.” * * *
The general assembly, in my opinion, is without power to make affiliation with some recognized political party an essential qualification for an appointment to an official position even in a municipal corporation. Discrimination in favor of or against any elector, in this respect founded on political belief or adhesion to a political party violates the principles on which our government rests, and it seems to me this is clearly attempted in the statute just recited.
Nor should the case of the State ex rel. v. Smith, 48 Ohio St., 211, be regarded as authority in support of that power. The syllabus does not announce the existence of such power in the n eral assembly, neither was the question discussed in the body of the opinion. I concurred in the decision in that case, but, in thus concurring, did not suppose that the court was committed to any proposition not found in the syllabus. .
I then had doubts whether the question of the power of the general assembly to thus restrict the *733 mayor in his right of selection was raised by the record in that case. The same doubt arises as to the effect of the record in that respect in this case.
It seems to me that the only ground upon which it can be successfully claimed that the constitutionality of this restriction arose in the record in the case of the State ex rel. v. Smith, 48 Ohio St., 211, or arises in this case, is the assum ption that this restriction is so interwoven with the scheme of government with which it is connected as to constitute an essential part of that scheme, the whole of which must stand or fall together.
If it is not so connected, if the scheme of government in all other respects may be segregated from these restrictive provisions, and in those other respects is in harmony with our constitution and therefore valid, then the title of the defendants to their offices would be valid, although theseprovisions were invalid. This would be so, because if an invalid provision of a statute may be separated from its other parts, the latter part will stand, notwithstanding the fall of the invalid provision.
If the scheme of government is thus severable, the question under discussion would not arise in this action, because the only legal object it seeks to obtain is a judgment of this court respecting the title of the defendants to their offices. That title depends upon the power of the mayor to ap. point them, and if he has this power, the appointment is not invalid because he chose them from the classes prescribed by the statute. Surely if the mayor, whether bound by the restrictive provisions of the statute or not, chose to pursue the policy therein prescribed, and appointed such per *734 sons only as fell within the classes designated, nobody can be heard to complain. Whether legally bound by .this provision or not, he may rest under what he conceives to be a moral obligation, to obey it and thus be impelled to follow the wishes of that body which clothed him with the power of appointment. This course is unobjectionable and if he follows it taking his appointees from the classes thus designated, the title of such appointee is perfect, because they are eligible whether the restrictions are valid or not. If therestrictionswere binding on him such appointees were eligible because within the classes which the statute named. If the restrictive statute was invalid, they were nevertheless eligible, because .every elector was eligible, and they were electors.
If, however, the mayor, in making an appointment should disregard these restrictions and appoint some one who is excluded by the law, and thereupon the title of such appointee to the office should be challenged by proceedings in quo warranto, then the question of the legality of the restrictions would at once arise ; for, if such restrictions were valid, the title of such appointee would be invalid because he would not have been taken from the class prescribed by these restrictive provisions. •
These observations would not have been made but for the fact that eminent counsel have interpreted the case The State ex rel v. Smith, 48 Ohio St., 211, as approving, if not directly announcing, the doctrine that the legislature has power to make eligibility to hold office by appointment, depend upon party affiliation and the decision in this case may receive a like interpretation. I neither concur in *735 that interpretation of the decision, nor in the doctrine itself; for in my opinion the title of an appointee to a public office, even in a municipal corporation, cannot, by virtue of any statute that the legislature may enact, be attacked or questioned on the ground that he belongs to a particular politi - cal party or because he does not belong to any such party at all; nor do I think this court has committed itself to a contrary doctrine.
Shauck, J., dissents.